IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JIMMY L. BROWN                                                                    PLAINTIFF

v.                                         Case No. 4:25-cv-04029

LEOLA GRAVES; ZACH HICKS; CHARLES
WRIGHT, III; MECHAWANA PEARSON;
HACH; and UNITED STATES DEPARTMENT
OF HOUSING AND URBAN DEVELOPMENT                                 DEFENDANTS

## ORDER

Before the Court is a Report and Recommendation filed on April 28, 2026, by the Honorable Spencer G. Singleton, United States Magistrate Judge for the Western District of Arkansas. ECF No. 35. Judge Singleton recommends that the Court grant Separate Defendant United States Department of Housing and Urban Development's ("HUD") Motion to Dismiss. Plaintiff Jimmy L. Brown has filed objections. ECF No. 38. The matter is ripe for consideration.

### I. BACKGROUND

On April 29, 2025, Plaintiff filed this action alleging claims based on the 1st and 9th Amendments of the Constitution, 42 U.S.C. § 1983, 29 U.S.C. § 794, 28 U.S.C. § 1343, and 24 C.F.R. §§ 966.50-966.57. ECF No. 1. Plaintiff alleges that he was treated unfairly and was subjected to eviction proceedings due to "clutter" in his apartment while a resident of Housing Authority of the City of Hope ("HACH"). *Id.* Plaintiff explains in his Complaint that he added HUD as a defendant because Charlene Hale, who is not named in this suit, and Defendant Leola Graves "always let it be known that their actions were directed by HUD, that they were obeying HUD's rules, policies, and directives." *Id.* at 20.

On December 4, 2026, Defendant HUD filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 28. Defendant HUD moves to dismiss

Plaintiff's claims against it because (1) Plaintiff's claims are barred by sovereign immunity; (2) the Court lacks subject-matter jurisdiction over Plaintiff's tort claim under the Federal Tort Claims Act ("FTCA"); and (3) Plaintiff failed to state a claim upon which relief can be granted.  ECF No. 29.  Plaintiff opposed Defendant HUD's motion, arguing that the United States does not have sovereign immunity because this is a "civil rights case about the unfair treatment" by Defendants and because the United States enacted civil rights laws, including 42 U.S.C. § 1983 and 28 U.S.C. § 1343.  ECF No. 32.  Plaintiff also motioned to amend his complaint to add another defendant and count.  *Id.*

On April 21, 2026, Judge Singleton issued the instant Report and Recommendation addressing Defendant HUD's Motion to Dismiss.  ECF No. 35.  Judge Singleton recommends that the Court grant the motion and dismiss Plaintiff's case against Defendant HUD with prejudice.  *Id.* Plaintiff objects.  ECF No. 38.

## II.  STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.1(VII)(B).  After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation."  *Anderson v. Evangelical*

*Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). A "clearly erroneous" standard of review applies to the portions of a magistrate judge's report and recommendation to which no objections have been made. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *see also* Fed. R. Civ. P. 72 advisory committee's note, subd. (b) (instructing a reviewing court to "satisfy itself that there is no clear error on the face of the record").

### III. DISCUSSION

Defendant HUD argues that Plaintiff's claims against it should be dismissed for lack of subject matter jurisdiction because Plaintiff has alleged no applicable waiver of sovereign immunity. ECF Nos. 29, at 5. Defendant HUD also argues that, to the extent Plaintiff's Complaint may be read to allege a FTCA claim, Plaintiff's FTCA claim must fail because he has not exhausted his administrative remedies as required by the FTCA. ECF No. 29, at 6-7. Judge Singleton finds that the doctrine of sovereign immunity bars this Court's jurisdiction over Plaintiff's claims against Defendant HUD because Plaintiff failed to plead any waiver of sovereign immunity. ECF No. 35, at 3. Judge Singleton finds further that, to the extent Plaintiff alleges a FTCA claim, that claim fails because Plaintiff sued HUD rather than the United States directly. *Id.* at 3-5.

Plaintiff makes three general objections. First, Plaintiff repeats his argument from his response to Defendant HUD's Motion to Dismiss that sovereign immunity does not apply in civil rights cases, such as this one, and that the United States consented to this lawsuit by making civil rights laws, including 42 U.S.C. § 1983 and 28 U.S.C. § 1343. ECF No. 38. Second, Plaintiff states that he believes Judge Singleton is biased against him "because of who [he] is, and biased

in favor of HUD because of who they are." *Id.* at 3 (emphasis removed). Third, Plaintiff also objects to the Report and Recommendation because Judge Singleton did not rule on his request to amend his complaint. *Id.* Plaintiff does not address Judge Singleton's findings regarding the FTCA.

The Court finds Plaintiff's objections unpersuasive. In his first objection, Plaintiff restates his argument from his response that sovereign immunity does not apply in civil rights cases. "[S]imply restating arguments and facts already presented to the Magistrate Judge does not constitute a viable objection to a report and recommendation." *Munt v. Larson*, No. 15-CV-0582 SRN/SER, 2015 WL 5673108, at *7 (D. Minn. Sept. 23, 2015). Plaintiff's first objection is therefore insufficient to warrant *de novo* review by the Court.

Even reviewing Plaintiff's first objection *de novo*, the Court agrees with Judge Singleton that Plaintiff's claims against Defendant HUD are barred by sovereign immunity. The doctrine of sovereign immunity provides that the "United States may not be sued without its consent and [the] existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "A waiver of immunity must be by federal statute, and purported waivers must be strictly construed in favor of the government." *Daniels v. Dep't of Hous. And Urb. Dev.*, No. 4:16-CV-00749 BSM, 2017 WL 3151207, at *2 (E.D. Ark. July 25, 2017) (internal citations omitted). Plaintiff provides two statutes—42 U.S.C. § 1983 and 28 U.S.C. § 1343—as examples of civil rights laws made by the United States consenting to suit. ECF No. 38, at 2. Neither statute includes an express waiver of sovereign immunity by the federal government.[1] Thus, the Court finds no waiver of sovereign immunity. *See Unimex, Inc. v. U.S. Dep't of Hous. And Urb. Dev.*, 594 F.2d

---

[1] Section 1983 creates a federal cause of action for the deprivation of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" by state actors. 42 U.S.C. § 1983. Section 1343 provides original jurisdiction to federal courts over civil rights and elective franchise actions. 28 U.S.C. § 1343.

1060, 1061 (5th Cir. 1979) ("The direct claims against HUD are barred by sovereign immunity because the United States has not consented to suit under the civil rights statutes.").

Turning to Plaintiff's second objection, Plaintiff has pointed to no specific evidence or incident suggesting that Judge Singleton is biased. Rather, Plaintiff states that he believes Judge Singleton is biased "[a]fter drawing inferences from his [report and recommendation]." ECF No. 38, at 3. A claim of judicial bias must be factually substantiated, *see Nerison v. Solem*, 715 F.2d 415, 416-17 (8th Cir. 1983), and an unfavorable judicial ruling by itself "does not raise an inference of bias." *Harris v. State of Missouri*, 960 F.2d 738, 740 (8th Cir. 1992). The Court has reviewed Judge Singleton's Report and Recommendation and finds that he impartially considered the parties' arguments and the law. Since Plaintiff presents no factual basis for his allegation that Judge Singleton is judicially biased other than an unfavorable ruling, the Court overrules this objection.

For his third objection, Plaintiff argues that Judge Singleton failed to address his Motion to Amend, which he included in his response to Defendant HUD's Motion to Dismiss. ECF No. 38, at 3. On June 5, 2026, Judge Singleton denied Plaintiff's motion because Plaintiff did not include any factual allegations setting forth a claim against Edna Sue Davis, who he sought to add as a defendant. ECF No. 42. Since Judge Singleton has ruled on Plaintiff's Motion to Amend, the Court finds Plaintiff's objection moot.

Finally, the Court reviews Judge Singleton's findings and recommendations as to Plaintiff's FTCA claim for clear error because Plaintiff did not object to those findings. *See Grinder*, 73 F.3d at 795. Finding no clear error, the Court adopts Judge Singleton's recommendation that, to the extent Plaintiff's claims against Defendant HUD arise under the FTCA, those claims should be dismissed.

## IV.   CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Report and Recommendation (ECF No. 35) *in toto*.  Separate Defendant HUD's Motion to Dismiss (ECF No. 28) is **GRANTED**, and Plaintiff's claims against Separate Defendant HUD are **DISMISSED WITH PREJUDICE**. Separate Defendant HUD is **TERMINATED** from this case.

**IT IS SO ORDERED**, this 30th day of July, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
Senior United States District Judge